[No. 8,178.   Department One. — June 2, 1884.]

# IN THE MATTER OF THE ESTATE OF JOSEPH M. DAVIS, DECEASED, FRANKLIN DAVIS, ADMINISTRATOR, APPELLANT.

ADMINISTRATION — COMPENSATION OF ADMINISTRATOR — RENUNCIATION OF CLAIM. — An administrator may renounce his claim to compensation for the performance of the duties of the trust, and a promise made by him to the person entitled under the law to the administration of the estate, before his appointment, that he would not charge for his services, is equivalent to a renunciation of his claim.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. H. Budd*, for Appellant.

*August Muenter*, for Respondents.

McKEE, J. — The surviving wife of the intestate was entitled, under the law, to administration of the estate (§ 1365, Code Civ. Proc.); but upon a promise made to her by her eldest son that he would not charge for his services in administering it, she relinquished her right in his favor, and, upon filing her written consent to his appointment, he was appointed administrator. Having duly qualified, he administered; but in his final account he charged $2,454.98, commissions for his services, which the court refused to allow; and it is contended that the refusal was error, because the law allows him his commissions notwithstanding his promise.

It cannot be presumed, however, that in making the promise, under which he obtained his appointment, he intended to practice a deceit upon the court or the estate. Rather it must be presumed, that, as he obtained the appointment upon the faith of his promise, he undertook the administration according to its terms, and with the intention to renounce his claim to the commissions which the law allowed him. There is no question that an executor or administrator, like any other trustee, may renounce his claim to compensation for performance of the duties of his trust, and a promise made by him before his appointment, that he will not charge for his services, may be regarded as equivalent to the renunciation of his claim.

It is conceded that the services rendered were beneficial to the estate, and very satisfactory to the heirs. But they were voluntarily rendered; and it is a settled rule in law and equity that recovery cannot be had for services voluntarily rendered, however great the benefit conferred. (*Bartholomew* v. *Jackson*, 20 Johns. 28; *White* v. *Jones*, 14 La. An. 681; *Lee* v. *Lee*, 6 Gill & J. 316.)

So in *McCaw* v. *Blewit*, 2 McCord Eq. 338, where an administrator had obtained his appointment on the express condition that he would not charge commissions, the chancellor refused to allow them, and the Supreme Court of the State affirmed his judgment, saying: "The administrator stipulated that he would not charge, and he cannot now be permitted to violate that contract. That which was expressly declared to have been intended as a gratuity shall not now be converted into a demand."

Judgment affirmed.

Ross, J., and McKinstry, J., concurred.