Morgan, J.
*481 This matter was first heard in the County Court, and then, on appeal, in the District Court, and the questions for consideration arise upon errors and cross-errors concerning the findings and the final decree of the latter court, upon 'issues formed on objections by the widow, now Mrs. Quackenbush, to the final report of the administrator of the estate of her deceased husband.
The District Court disallowed the claim of the administrator for $400, paid to himself as the'agreed price of a span of mules sold by him with estate property, but which he claimed to be his private property;; and disallowed his charge, as compensation under the statute, for comissions on the sale of the real and personal property of the estate; also ordered him to pay interest, from May 4, 1907, on the entire balance in his hands due the estate.
It will not be necessary to discuss the entire evidence, nor all the legal questions involved. Culwell, the deceased husband, died on January 18, 1907, and Fogg, the largest creditor, was appointed administrator after the time had expired in which the widow had the preferential right to be appointed, and after she had waived such right by praying for the appointment of a third person. The principal asset of the estate was a ranch, that Fogg, the administrator, had sold to Culwell, about two years before his death, for $9,000; and the principal debt was a note for said sum with interest, given by Culwell to Fogg, together with taxes on the land, all secured by a deed of trust on the land. The administrator sold the real estate and the personal property, together, at the request of the widow, and to induce the sale of the land, including the span of mules, and other personal property admitted to be Fogg’s for $18,000, all of which was paid in .cash except $4,500, paid by a note given to Fogg in his private capacity, and secured by a deed of trust on the land sold.
1. Upon conflicting evidence the court decided that the mules were the property of the estate, and although the *482 finding was upon a slight showing, we do not feel justified in disturbing it; and, as the administrator withheld the $400 on that account, the judgment, requiring him to add the same to his report of the assets of the estate, is sustained.
2. The disallowance of the charges for commission, as compensation as aforesaid, was made upon a finding supported by evidence that, at or about the time of Fogg’s appointment, he agreed with the widow not to make such charge, if permitted to serve. It is contended that such agreement, if made, was contrary to public policy, and without consideration; but it is concluded that such agreements, made in good faith, are manifestly in the interest of creditors, as well as heirs, and have received the approval of courts and text writers, and are not contrary to public policy, Schouler on Wills and Administration, (2nd ed.), sec. 545; 2nd Woerner on Administration, (2nd ed.), star p. 1171; In re Davis’ Estate, 65 Cal., 309, 4 Pac., 22; Hilton v. Hilton, 33 Ky. Law Rep., 276, 109 S. W., 905; Bate v. Bate 11 Bush (Ky.), 639.
The preponderance of the evidence seems to show that the alleged agreement was made after Fogg had been appointed, in which case there would seem to be no consideration to support the agreement, but the proof on that point is not entirely conclusive. Moreover, the widow was, at that time, protesting to Fogg against his appointment, in preference to a person of her choice, and the fact that she waived her right to make formal protest to the court affords some consideration. We think the court should not be astute in seeking reasons to nullify such agreement or understanding after it had been acted upon by the parties.
3. Except as to the item of $400, paid to and retained by the administrator, we find nothing in the record to justify the judgment charging the administrator with interest on the funds of the estate received by him. Everything shows that he acted in the utmost good faith, and there is *483 no finding or suggestion made by either of the trial judges to the contrary. The evidence does not support the finding that the funds of the estate were mingled with the private funds of the administrator, in the sense that he used or invested them as his own; or that they were deposited in his private bank account, and drawn upon as a common fund; or that he received any profit therefrom. He was at all times required to have the assets on hand, ready 'for distribution or disposition, as, and when, ordered by the court. He made prompt report of all funds received and paid out, and moved for an order permitting final settlement and distribution, immediately after the time fixed by statute for presentation of claims against the estate. The delay in settlement was not caused by him, but by objections made by fourth class creditors against the widow’s allowance; and, in part, by objections made by the widow, herself, some of which were to claims made by the administrator which had been approved by her present attorney, acting as administrator, ad litem, appointed by the court, to protect the estate against such claims. Even as to the claim for the value of the mules and the one for commission, which were disallowed, the evidence so strongly supports the claim of the administrator, that we find therein no evidence of bad faith on his part. We are pursuaded that to penalize him by a charge of interest on all the funds, in addition to denying him, not only the commission upon a most advantageous sale of the property of the estate, but also denying him any other compensation for his services rendered', is neither equitable, nor justified by any recognized rule of law. At no time did the defendant in error (widow), ask that the funds be invested, and, at no time, until the trial in the District Court, and not then, until during the argument, was an allowance for interest insisted upon.
The judgment requiring the administrator to pay interest on all the funds in his hands is reversed, and the case is remanded with instructions to enter judgment requiring • *484 him to pay interest on the sum of $400, only, at eight per cent, a year from May 7, 1907, until paid. In all other respects the judgment is affirmed; costs of this writ of error to be paid in equal parts by the plaintiff in error and the defendant in error.
Decided July 14, A. D. 1915.
Rehearing denied July 26, A. D. 1915.

Reversed and remanded.