SAMUEL KELLER JACOBS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34156.   Promulgated April 10, 1931.

*E. Louis Jacobs, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

1168

## OPINION.

MATTHEWS: The respondent has determined that the sum of $50,-000 was constructively received by the petitioner in 1925 and has included that amount in the petitioner's gross income, although payment was not actually received in that year. The petitioner claims that the amount in question, which represents a commission voted by the directors to be paid to petitioner when the financial position of the Crosstown Realty Corporation warranted, could not be paid until authorized by the directors, and that it was not available to the petitioner in the taxable year, although it was credited to the petitioner's account on the books of the corporation in December, 1925.

The petitioner's income tax return was filed on a cash receipts and disbursements basis, so that the commission constitutes income for 1925 only if it was constructively received.

The rule is well established by the decisions of this Board that mere book entries crediting officers or employees with amounts of undrawn salaries do not necessarily establish the taxability of said amounts. See *Walter L. Hopkins*, 2 B. T. A. 549, and cases cited therein.

We have repeatedly held that the doctrine of constructive receipt of income by one on a cash basis of accounting should be sparingly applied. In *John A. Brander*, 3 B. T. A. 231, we said:

This doctrine, as we have made clear in several appeals, is not to be applied lightly, but only in situations where it is clearly justifiable. When taxable income is consistently computed by a citizen on the basis of actual receipts, a method which the law expressly gives him the right to use, he is not to be defeated in his *bona fide* selection of this method by " construing " that to be received of which in truth he has not had the use and enjoyment.

In *Hal E. Roach*, 20 B. T. A. 919, 924, we said with reference to the doctrine of constructive receipt: " It is only in unique circumstances and a clear case that the invoking of this doctrine will be approved."

The test as to constructive receipt is whether the debtor has funds standing to the credit of the taxpayer which the debtor is able to pay and which are available and unqualifiedly subject to the taxpayer's demand. Here we do not find such a case.

We have found that the petitioner owned the majority of the stock of the Tremont and Bay View corporations, which two corporations owned the entire stock of the Crosstown Realty Corporation. All three of these companies were close corporations, being owned by petitioner, his two brothers, and his brother-in-law. The petitioner's sisters aided in financing the transaction, out of which a substantial profit arose to the Crosstown Realty Corporation.

The evidence shows that the petitioner agreed with his brothers and sisters to accept a bonus for negotiating the deal only after they had been paid in full and all other obligations of the corporation had been satisfied. The resolution of the directors of the Crosstown Realty Corporation, dated December 31, 1925, is to the effect that compensation for his services would be paid to the petitioner only in the event and not until " the corporation's cash position will permit." The directors of the corporation were to decide the time when the corporation's cash position would permit payment.

The above mentioned resolution was passed on the last day of the year 1925, and the liability was accrued on the books of the corporation as of that date. No further action has been taken by the directors with respect to the payment of the amount in question and it has never been received by the petitioner.

The petitioner had no right to this amount except as the corporation's cash position warranted. Each of the directors testified that the cash position of the Crosstown Realty Corporation at the close of 1925 was not such as to justify payment of $50,000 to the petitioner. Under these circumstances it can not be said that the amount credited to the petitioner was unqualifiedly subject to his demand in 1925. *George L. Stone*, 9 B. T. A. 20; *R. V. Board*, 18 B. T. A. 650.

The respondent has taken the position that funds were available to pay the $50,000 commission in 1925, and that the amount in controversy was in the control of and capable of withdrawal by the petitioner. It is pointed out that the petitioner owed the Crosstown Realty Corporation $151,000 at the time the commission was voted to be paid to the petitioner and was credited to his account. This does not establish that the corporation had on hand in 1925 sufficient cash with which to pay the commission. The presumption that the corporation was in a satisfactory cash position because it had advanced $151,000 to the petitioner during the taxable year is rebutted by the petitioner's proof that this sum was a part of $350,000 which had been borrowed from the bank by the Crosstown Realty Corporation with the petitioner's endorsement. Petitioner was accustomed to borrow large sums from the bank and these loans were sometimes obtained in the name of the petitioner and sometimes by one of the corporations which he controlled. It is not sufficient to show that the petitioner owned the majority stock. It is possible that the Crosstown Realty Corporation could have borrowed an additional amount or that it might have disposed of some of its assets in order to raise the money with which to pay the petitioner's commission, but it is not for us to speculate or theorize on what might have been but was not done.

As was said in the case of *Northern Trust Co. et al., Executors*, 8 B. T. A. 685:

Before it should be held that a taxpayer constructively received income in any taxable year when he did not, in fact, come into possession of the money or property, it should appear beyond question that the taxpayer, although at liberty, considering the financial requirements and needs of the corporation, to withdraw the amount due him, deliberately chose not to draw or receive the amount owing by the corporation. * * * The theory of constructive receipt of income should not be extended beyond the principle announced by the Board in *John A. Brander, supra*, and this proceeding is clearly not within the rule announced in that appeal. The fact that the decedent owned practically all of the stock of the corporation had nothing to do with the question whether he received income. The Commissioner argues that "the Board is wholly without information as to the corporation's ability to borrow money or to pay it (the bonus) from other sources than its balances of cash held in banks." The mere fact that a creditor of the taxpayer might borrow sufficient money or sell some of its assets and realize sufficient cash to pay the taxpayer the amount due does not make the taxpayer in receipt of income on the cash basis. * * *

See also *Marian Otis Chandler*, 16 B. T. A. 1248, and cases cited therein; *Chas. M. Howell, Administrator*, 21 B. T. A. 757.

The evidence convinces us that the amount of $50,000 voted to the petitioner was not at his command or available for his use in 1925. The Commissioner erred in his determination of a deficiency and it is disallowed.

*Judgment will be entered for the petitioner.*