CHARLES STEWART MOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51585, 57506.  Promulgated June 26, 1934.

---

David Sher, Esq., and John Thomas Smith, Esq., for the petitioner. John H. Pigg, Esq., for the respondent.

## OPINION.

ADAMS: Practically all of the questions in controversy here depend upon the validity of section 219 (h), Revenue Act of 1926, and section 167, Revenue Act of 1928, and their application to the facts in these cases.

These sections are substantially the same, section 167 being as follows:

Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (n), relating to the so-called " charitable contribution " deduction), such part of the income of the trust shall be included in computing the net income of the grantor.

It is the contention of the petitioner that, as applied to the facts of these cases, to tax against petitioner the income of the trusts not actually used for the payment of premiums on policies of insurance on the life of the petitioner would be unconstitutional, in violation of the Fifth Amendment to the Constitution.

The United States Supreme Court, in the cases of *Burnet* v. *Wells*, 289 U.S. 670, and *Du Pont* v. *Commissioner*, 289 U.S. 685, has declared

section 219 (h) of the Act of 1926 to be constitutional. As stated above, this section is substantially the same as the corresponding section (167) of the Revenue Act of 1928. While it is true, as suggested by the petitioner, that in those cases a part of the income of the trusts was actually used in payment of premiums on life insurance of the taxpayers, we do not understand the opinions to hold that this is absolutely necessary. It seems to us that, where as here the fund was available for such use and was under the control of the petitioner, who had the right to use it for that purpose, it comes within the language of section 219 (h), Revenue Act of 1926, and section 167 (a), Revenue Act of 1928, and that the inclusion in petitioner's income of the amounts necessary to pay the life insurance premiums is constitutional, and we so hold.

We are not impressed by petitioner's argument that the expression in the trust deeds that "He is also empowered to pay from income of this trust, the premiums on such insurance as may be taken out for the benefit of the beneficiary of this trust" refers only to such policies as may be taken out in the future and should be payable to the single beneficiary of each trust. This is entirely too narrow a view and such a construction would provide an easy way to evade taxes, which the statute was framed to prevent. The beneficiaries of the three trusts were undoubtedly beneficiaries of the insurance policies and we consider it immaterial whether the insurance policies were obtained before or after the creation of the trusts. It is the right to use the income of the trusts to pay the premiums during the taxable years that is being taxed and the time of issuance of the policies is of no consequence. The action of the respondent in including within the income of petitioner the respective amounts of $56,350.08 and $56,542.70 for the years 1927 and 1928 is approved.

Relative to the petitioner's right to compensation to the extent of 3 percent of the gross income of the three trusts, it is admitted that he made no charge for his services and did not receive anything in consideration therefor. Petitioner and the trusts kept their accounts and made their returns on a cash receipts and disbursements basis. The respondent added to petitioner's income $14,303.03 for 1927 and $42,448.56 for 1928, on the ground that the taxpayer had constructively received said sums as he had possession and control of the trust properties. To say that petitioner received these amounts as compensation is to indulge in a deliberate legal fiction. Petitioner had the right to render his services free if he wished, and we know of no rule of law which requires a person to accept compensation or income. The fiction of constructive receipt of income is resorted to usually to fix the time of receipt, where it is ultimately actually received and accepted.

This case is similar to and governed by our decision in *S. A. Wood*, 22 B.T.A. 535. In that case the taxpayer was the executor of an estate, and in view of the extra amount of work entailed in the settlement he was allowed by order of court a salary of $500. per month. After the first year the taxpayer decided he was not entitled to the monthly salary and declined to take it, but the court order was not set aside or modified and remained in effect. The Commissioner attempted to include this salary for three years in taxpayer's income, but in holding that this was improper the Board said in part:

After the first year of service by petitioner to the estate, he did not perform those extra duties for which the extra compensation was granted him by the court, and hence for the succeeding years he was not entitled to such additional compensation. He did not deem himself entitled to it, and decided in advance not to take it, and did not take it, and hence it was never income to him.

See also *Samuel Keller Jacobs*, 22 B.T.A. 1166.

The action of the respondent in including the amounts of $14,303.03 for 1927 and $42,448.56 for 1928 in petitioner's income as compensation received by him for services to the trust estate was erroneous and is disapproved.

Petitioner's claim for an overpayment of $14,737.59 for 1928 appears to have occurred in the following manner. He received a salary of $75,000 annually from the General Motors Corporation and was also a large stockholder of the company. In making up his return for taxation the salary item was erroneously included with the dividends from General Motors stock, and was also specifically returned as salary. It was thus returned twice. Claim for refund was made, which was rejected by the respondent for the reason that in computing the deficiency the amount of $75,000 was deducted from income. This clearly corrected the error and was substantial compliance with section 271, Revenue Act of 1928, regulating the method of computing deficiencies.

By amended answer in each case the respondent seeks to include within the income of petitioner the entire income of the three trusts, including capital gains, and asks that the deficiencies be increased accordingly. This is upon the theory that the petitioner, who was both grantor and trustee under the trust instruments, had the entire management and control of the trust properties, and controlled the distribution of the trust income, which made it taxable as his income under section 219 (h). We think not. While it is true petitioner had the control of the trust properties and the disposition of the trust income, he had no beneficial interest therein, could not revoke the gifts, and could not hold or accumulate the income for his benefit

or future distribution to him. The section of the act in question is aimed at beneficial control and interest. Here the petitioner was acting purely as trustee for others and he had no interest whatever in the trust properties, nor any interest in the income except as above indicated in reference to the payment of insurance premiums and compensation for services. The claims for increased deficiencies by respondent in the amended answers are rejected.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

STERNHAGEN dissents.

MORRIS, MURDOCK, and GOODRICH dissent on that portion of the opinion which holds that the 3 percent of the gross income of the trust is not taxable to the grantor.

---

SEAWELL, dissenting: I disagree with the conclusion reached by the majority of the Board that the right to use the income of the trusts to pay the premiums is taxable to petitioner, where, as here, that right has not been exercised, but refused, and the premiums have been paid by others from a wholly different source.

It is conceded that no part of the trust income in this case was used in either of the taxable years to pay any life insurance premiums. The petitioner neither individually nor as trustee ever agreed to receive or to use any part of the trust income for that purpose. The premiums in question were, in fact, paid by others from funds which were never received by and never belonged to the petitioner. To say that this was taxable income to petitioner seems as much a legal fiction as to tax him for compensation which he never received. The Supreme Court, in *Burnet* v. *Wells*, 289 U.S. 670, and in *Du Pont* v. *Commissioner*, 289 U.S. 685, wholly relied on for support of the main opinion, never held that section 219 (h) of the Revenue Acts of 1924 and 1926 was in accord with the Constitution when applied to a situation comparable to that presented in the instant case. Mr. Justice Cardozo, in the prevailing opinion in the *Burnet* v. *Wells* case, said:

Income of a trust has been reckoned by the taxing officers of the Government as income to be attributed to the creator of the trust *in so far as it has been applied* to the maintenance of insurance on his life. Section 219 (h) of the Revenue Acts of 1924 and 1926 permits this to be done. The question is whether as applied to *this case* the acts are constitutional.

\*  \*  \*  \*  \*  \*  \*

\* \* \* Upon an audit of the returns the Commissioner of Internal Revenue assessed a deficiency *to the extent* that the income of the trusts had been applied to the payment of premiums on the policies of insurance. There was .no attempt to charge against the taxpayer the whole income of the trusts, to

charge him with the excess applied to other uses than the preservation of the policies. The *deficiency assessment was limited* to that part of the income which had *kept* the policies alive. [Italics supplied.]

In the *Du Pont* v. *Commissioner* case, the same Justice, speaking for the Court, said:

The Commissioner of Internal Revenue, following the command of section 219 (h) of the applicable statutes * * * made a deficiency assessment by adding to the taxpayer's income the amount expended by the trustee in the preservation of the policies.

It appears, therefore, that in each case relied on as authority for the main opinion only such part of the trust income as was *expended* in payment of premiums on the life policies of the settlors of the trusts was taxed to the settlors. In the instant case respondent has assessed a deficiency against petitioner on trust income *not applied* to the maintenance of insurance on petitioner's life, and has not *limited* the deficiency assessed to that part of the trust income which has " kept the policies alive," contrary to what was done in the *Wells* and *Du Pont* cases. The assessment here is not based upon any constructive receipt of income by petitioner, but upon the power and opportunity, which he had declined to exercise, to receive it. As was said in *Georgia Trust Co.* v. *Rose*, 25 Fed. (2d) 997, " To be income, it must ' come in '; to be *derived* [the word used in the Sixteenth Amendment], it must be separated, taken ' from the stream ', as the two compounded Latin words signify."

There is here no contention made but that where income derived from a trust may be—i.e., under the trust instrument—and is used for the benefit or advantage of the settlor in payment of premiums on his life insurance, as was done in the *Wells* and *Du Pont* cases, he should be taxed thereupon as for income to him under section 219 (h) of the act.

A statute may be valid as applied to one state of facts and invalid as applied to another. *Milling Co.* v. *Bondurant*, 257 U.S. 282, 289.

I am persuaded that when the permissive *may be* of the statute is interpreted, fictionally, to mean *is*, and some status under which income tax may be assessed is on that account declared to exist although it does not, in fact, exist, then either the interpretation of the meaning of the statute is wrong or the statute is in conflict with the fundamental law, and void. Cf. *Hoeper* v. *Tax Commission.* 284 U.S. 206; *Heiner* v. *Donnan*, 285 U.S. 312; *Schlesinger* v. *Wisconsin*, 270 U.S. 230; *Bowers* v. *Kerbaugh-Empire Co.*, 271 U.S. 170.