27779. CAGLE, administrator, *v.* CAGLE *et al.*

Decided October 18, 1939.

*Howell Brooke,* for plaintiff in error. *John S. Wood,* contra.

Guerry, J.   J. Ben Cagle was appointed administrator of the estate of M. R. Cagle, administered thereon in such capacity, filed his final return as administrator, and asked to be discharged.   The other heirs of said estate, Boy Cagle, Lewis Cagle, Taylor Cagle, and Lois Cagle Killian, sons and daughter of M. R. Cagle, filed objections to such discharge, asked for an accounting, and showed in their caveat that before the appointment of J. Ben Cagle as administrator, and at a time when the respondents and heirs were about to petition the ordinary for the appointment of one of their number as such administrator, J. Ben Cagle made an oral agreement with each and all of the respondents to the effect "that if respondents would refrain from urging any objections to his appointment as administrator of the estate of M. R. Cagle, deceased, and would refrain from petitioning the ordinary for the appointment as such administrator any of them, that the said J. Ben Cagle would act as such administrator and administer said estate according to law, and would waive the commission allowed by law to administrators, and would charge no commission for his services as such administrator."   Acting upon said agreement and in con-

sideration thereof the respondents refrained from urging any objection to the appointment of J. Ben Cagle, and from petitioning the court for the appointment of one of their number, and consented to the appointment of J. Ben Cagle, although they represented a majority of the next of kin and heirs of M. R. Cagle. They could and would have procured the appointment of one of their own number, except for such agreement, all of which rights and privileges they waived in pursuance of the agreement above set forth, which they accepted and acted on. It was further alleged, that J. Ben Cagle violated his agreement, and in the final return so made set forth a disbursement to himself of $671.11 as commissions, which sum he is seeking to retain as commissions in violation of the agreement; and that each of the respondents was entitled to one fifth of the sum so deducted.

The administrator demurred to the objection or caveat, on the grounds that it failed to allege any legal reason preventing his discharge, and that it showed on its face that the promise not to charge any commissions was an individual undertaking and was not binding on him as an administrator, and that as administrator he was not liable therefor. A special demurrer was on the ground that such alleged agreement was oral, and was not enforceable at law, because it was without consideration, and was nothing more than a promise to answer for the debt of another; and that such commissions are fixed by law, and can not be determined by private contract. Exceptions were taken to the overruling of these demurrers.

With reference to the special demurrer we may say: "Although the rate or amount of compensation fixed by statute is ordinarily controlling, an agreement by an executor or administrator to serve for less than compensation fixed by statute is valid and enforceable." 21 Am. Jur. 677, § 527. In 24 C. J. 996, § 2430, it is said: "It has been held that allowing one to be appointed administrator, or foregoing the right to oppose his appointment, is a sufficient consideration for his promise to serve without compensation." Likewise, "An executor or administrator may waive or renounce his claim to compensation for performance of the duties of his trust, and a promise or agreement made by him that he will not charge for his services may be regarded as equivalent to a renunciation of his claim." 24 C. J. 995, § 2430. In Estate of

Davis, 65 Cal. 309 (4 Pac. 22), it was ruled: "An administrator may renounce his claim for the performance of the duties of the trust, and a promise made by him to the person entitled under the law to the administration of the estate, before his appointment, that he would not charge for his services, is equivalent to a renunciation of his claim." In discussing that case the court said: "It can not be presumed, however, that in making the promise, under which he obtained his appointment, he intended to practice a deceit upon the court or the estate. Rather it must be presumed that, as he obtained the appointment upon the faith of his promise, he undertook the administration according to its terms, and with the intention to renounce his claim to the commissions which the law allowed him." In Fogg v. Quackenbush, 27 Colo. App. 480 (2) (150 Pac. 726) it was said: "An agreement, made in good faith, between the widow of an intestate and a creditor, that the latter shall be appointed as administrator, and.shall make no charge for his services, is in the interest of creditors, heirs, and distributees, and is not contrary to public policy. . . The court should not be astute to find reasons to nullify such agreement after it has been acted upon by the parties." Justice Holmes, in McIntire v. McIntire, 192 U. S. 116, 123 (24 Sup. Ct. 196, 48 L. ed. 369), said, in reference to a similar contention as here made: "Whether the bargain was good or bad, the services were rendered under it, and therefore purported to be gratuitous. The law does not forbid gratuitous services, even in fiduciary relations, and if acts purport to be done gratuitously no claim for payment can be founded upon them at a later date."

The court did not err in overruling the general demurrer. It is insisted that any liability that may exist as between the parties in this case by reason of the violation of the agreement was against J. Ben Cagle in his individual capacity, and not against him as administrator. It was said in the Fogg case, supra, that a promise made after the appointment would be without consideration. We also think that had Cagle made a promise to forego his commissions after his appointment, such agreement would have been a mere naked promise. The petition here alleges a consideration, for the promise was made before the appointment. The caveat asked the court of ordinary to refuse to approve a final return which would authorize the payment of a sum by the administrator to

himself as an individual, which sum is alleged to have been waived or renounced by the administrator. If he, as administrator, has renounced his commissions, as is alleged, he would be unfaithful to his duty as such administrator to take them, contrary to such renunciation. The case of *James* v. *Little,* 135 *Ga.* 672 (70 S. E. 251), is cited by the plaintiff in error in support of his contention. There it was alleged that an administrator promised the heirs that he as an individual would bid on certain property of the estate that he was selling as administrator, and would bid enough to make it bring a named amount. The court said that a breach of this promise was no breach of his duty as an administrator. There was no such waiver or renunciation in that transaction as is alleged here. Commissions are a part of the necessary expenses of administration. Public policy will not prevent an agreement that they be waived or renounced. In *Owen* v. *Galt,* 57 *Ga. App.* 259 (195 S. E. 233), cited by counsel, it was said that an administrator's duties and compensation are fixed by law, and that the amount he charges is not determined by private contract in which he may overreach the estate. This is true; but it was not said conversely that an administrator may not on a valid consideration agree to accept less than the amount fixed by law. The court properly overruled the demurrers.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*