OPINION. ARNOLD, Judge: As the result of a decree of the Superior Court of Fulton County, Georgia, entered December 17, 1936, in a partition proceeding, William H. Kiser, owner of an undivided half interest in the property, was allotted property with a valuation in excess of his half share. Of the part he was allotted in excess of this half interest, the respondent determined that William received $54,186.06 representing interest due him from his deceased brother’s estate and $33,489.48 as commissions or fees earned as executor and trustee of his brother’s estate and included those amounts in his income as income received in 1936. Petitioners contend that William H. Kiser did not receive either interest or commissions in 1936, as determined by respondent. In 1893 William and John inherited in equal shares the properties left by their father. The properties were not divided, but were kept together and managed as a joint business until 1936. John died in 1919, having drawn considerably more than William and leaving debts which William paid from proceeds of the properties. John’s will named William as executor and provided a monthly income for his widow until her death or remarriage and payments for the benefit of his adopted daughter, the estate to go to William or his heirs upon the death or remarriage of John’s widow. William paid these bequests from the income of the properties until 1936. He then found it necessary to ask for partition of the properties in order to borrow on his share and settle his own debts. The proceeding involved .an accounting as between the brothers. As the amounts withdrawn by John, or paid on his account, were in excess of the amounts withdrawn by William, the court offset the excess against John’s half share of the common property and decreed that, as of 1919, John’s estate had a 21.58 per cent interest and William a 78.42 per cent interest in the property. In the computation wherein 21.58 per cent was allotted to John’s estate and 78.42 per cent to William, the court excluded any amount as interest on John’s withdrawals. If the $54,186.06 which respondent in his determination •taxed to William as interest received had been taken into consideration in fixing the relative shares of John and William in the common property, John’s share would have been but 17.42 per cent, while William’s share would have been 82.58 per cent. Thus it is clear from the evidence on which the decree was based, and the evidence submitted in the present proceeding, that the property William received did not include an allowance for interest. Although the Superior Court found that William was entitled to receive $33,489.48 as commissions for his services as executor and trustee of John’s estate, William expressly waived any claim thereto and the court gave effect to his waiver by allotting him no property on account of the commissions. William was entitled to receive 78.42 per cent of the net value of the common property, less the income since 1919 allocable to John’s estate and not theretofore paid to John’s beneficiaries of $37,922.19. The properties allotted him were of the value of $595,550. Had commissions been paid he would have received property in excess of that amount to the extent of the commissions. William had the privilege of renouncing his right to such commissions. See Estate of George Rice, 7 T. C. 223; acquiescence, 1946-2 C.B. 4. The Superior Court did not allow interest to William on John’s overdrafts and did not provide for the payment of commissions to William in any form. The evidence submitted before us, aside from the decree itself, convinces us that William, in receiving property in excess of his half share, did not receive interest or commissions. We find that respondent erred in determining that William H. Kiser received interest and commissions in 1936. Since other uncontested adjustments are involved, Decision will be entered wider Bule 50. Reviewed by the Court.