G. N. Patrick, Sr. v. Commissioner.
Patrick v. Commissioner
Docket No. 44992.
United States Tax Court
T.C. Memo 1955-73; 1955 Tax Ct. Memo LEXIS 267; 14 T.C.M. (CCH) 234; T.C.M. (RIA) 55073; March 29, 1955
George C. Young, Esq., for the petitioner. Lee C. Smith, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1948 in the amount of $957.25. Certain adjustments are not contested. The issues to be decided are (1) whether the unpaid balance in petitioner's personal credit account on the books of his wholly owned corporation as it appeared at the end of the year in controversy and after its property was destroyed by fire is properly includible in his income for that year on a theory of constructive receipt; and, if includible, (2) whether that year-end balance is deductible as a business rather than a nonbusiness bad debt under section 23(k) of the Internal Revenue Code of 1939. [1]
*268 Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner, an individual, resides in Jacksonville, Florida. He filed his Federal income tax return for the year in controversy on a cash basis with the collector for the district of Florida. Patrick Auto Supply Company, hereinafter referred to as the corporation, was incorporated in 1932 under the laws of Florida. Petitioner has been its sole or principal stockholder since June 30, 1933. On July 27, 1948, and for many years prior thereto, petitioner was the president and general manager of the corporation and devoted the majority of his time to the management of its affairs. During 1946, and thereafter through July 27, 1948, the corporation carried on its business in a building rented from petitioner. It credited the rent due for use of this building to petitioner's personal account on its books. It also credited the amounts due petitioner for salary as president and general manager to the same account. On his income tax return for the taxable year 1948, petitioner disclosed rental income in the amount of $1,500 and salary in the amount of $6,000. The credit balance in petitioner's personal *269 account on the corporation's books as of July 27, 1948 represented the total amounts credited for salary and rents and other credits less petitioner's withdrawals. Petitioner withdrew $1,275.67 from this account during the first 6 months of 1948. On July 27, 1948, the building owned by petitioner and occupied by the corporation was destroyed by fire. Thereafter, the corporation discontinued operations. At the time of the fire there was a credit balance of $10,558.45 in petitioner's personal account. Before the end of 1948, the corporation paid to petitioner a total of $4,196.55, reducing the credit balance in petitioner's personal account from $10,558.45 to $6,361.90. On his income tax return for 1948 petitioner claimed a deduction of $10,558.45 as a business bad debt, the amount so deducted being the balance in his personal account on July 27, 1948. In addition, he claimed a capital loss of $1,000 for his stock in the corporation which allegedly became worthless in that year. Petitioner made withdrawals from his personal account on the books of the corporation during 1948, both before and after the July fire. The $6,361.90 in controversy although apparently reported as income *270 represented only a credit to petitioner's personal account. No part of that amount was ever actually received by petitioner and loaned back or advanced to the corporation. The corporation was not in a position to pay petitioner the balance of $6,361.90 at any time during 1948. No part of such balance was constructively received by petitioner during that year. Petitioner has never been the principal owner of stock in any other corporation. Petitioner has never financed, organized, or promoted any other corporation or corporations. He has never loaned money to any other corporation. He has never been in the business of lending money. Petitioner did not rent or own any property for rental purposes during 1948 other than the building which he rented to the corporation. Opinion As the parties present the case, our conclusion that the unpaid balance of $6,361.90 in petitioner's personal account on the books of his controlled corporation at the end of 1948, the year in controversy, was not constructively received by him disposes of the entire proceeding. Petitioner apparently does not deny that the amount of $4,196.55 which he actually received from the corporation during the last *271 half of 1948 is properly includible in his income for that year, nor that a total of $1,275.67 was withdrawn by him from the account during the first half of that year and is also properly taxable as income. But to apply the theory of constructive receipt to the credit balance at the end of that year, it must be established that the income was unconditionally subject to his command. Avery v. Commissioner, 292 U.S. 210; Ross v. Commissioner, (C.A. 1) 169 Fed. (2d) 483; Regulations 111, section 29.42-2. The record effectively sustains petitioner's denial of availability of funds. The corporation was at all times in financial difficulties which, even before its property was destroyed by fire, are emphasized by petitioner's minimal withdrawals from his account for his own living expenses. By the end of the year obligations due from it were concededly worthless. We are satisfied that the amounts actually withdrawn during the first half of 1948 and between the time of the fire and the end of the year represent the entire amount which petitioner could have obtained from his corporation before his interest finally became entirely worthless. Bearing in mind that *272 the doctrine of constructive receipt was intended to be applied sparingly, [2] we conclude that petitioner has sustained his burden of showing that no more than the two total amounts actually received from the corporation during the year in controversy are attributable to him as income. Since the issue with respect to deductibility as a bad debt is advanced by petitioner purely in the alternative, and since we have determined the primary issue in his favor, we need not give it further consideration. But see Burnet v. Clark, 287 U.S. 410; Jan G. J. Boissevain, 17 T.C. 325; A. Kingsley Ferguson, 16 T.C. 1248; Charles G. Berwind, 20 T.C. 808, affirmed per curiam (C.A. 3) 211 Fed. (2d) 575. Decision will be entered under Rule 50. Footnotes
1. Petitioner apparently concedes that he improperly deducted that part of his account which he actually received between the date of the fire and the end of the year 1948.↩
2. Hal E. Roach, 20 B.T.A. 919; William A. Hines, 38 B.T.A. 1061; Samuel Keller Jacobs, 22 B.T.A. 1166↩.