GEORGE M. BREIDERT AND LORRAINE L. BREIDERT, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 256–67.    Filed September 11, 1968.

*William Katz*, for the petitioners.
*Martin R. Simon*, for the respondent.

**OPINION**

Raum, *Judge:* Petitioner was appointed executor under the will of George C. Breidert, his father, on January 11, 1962, and served in that capacity until the approval of his final account and the decree of final distribution by the Superior Court of California for the County of Los Angeles on or about April 17, 1963. No provision was made in the will for executor's fees or commissions, but under California law, petitioner was entitled to compensation for his services as executor according to a statutory schedule. Cal. Prob. Code sec. 901 (West Supp. 1967). Although the attorney for the Commissioner noted in his opening statement that the Government was putting petitioner to his proof that he never *actually* received executor's commissions during 1963, there no longer seems to be any dispute that petitioner did not in fact receive any amount as executor's fees in 1963 or any other year, and in any event we think that this has been established by petitioner's evidence and have so indicated in our findings of fact. The primary contention of the Commissioner now is that petitioner "constructively"

received executor's fees in 1963 in the sum of $9,100.20, the amount to which he was entitled as statutory commissions, either because he failed effectively to waive his right to such commissions or because his waiver was made after his right to the commissions had matured to the point at which he could not avoid realization of the income by refusing to accept it. We hold that petitioner made an effective waiver of his statutory commissions and that he is not chargeable with the constructive receipt of income in respect of those commissions in 1963.

Although petitioner had an "absolute" right to statutory commissions for his services as executor, such right did not "accrue" under State law until an order for payment was made by the Probate Court, see *In re Johnston's Estate*, 47 Cal. 2d 265, 272, 303 P. 2d 1, 6, and petitioner was entitled to make a binding waiver of his right to commissions at any time before the court ordered payment. See *In re Estate of Davis*, 65 Cal. 309, 310, 4 Pac. 22. Petitioner did so in his "First and Final Account and Report, Petition for Distribution, and for Attorney's and Accountants' Fees," filed with the Probate Court on or about March 22, 1963, in which he stated that "the Executor herein hereby waives his extraordinary fees and all of his statutory commissions." Consistent with this declaration, he made no request in the petition for an allowance of executor's fees, nor was any supplemental request ever made. Subsequently, petitioner's attorney inadvertently provided for the allowance and payment of statutory executor's fees to petitioner in the "Order Settling Final Account and Decree of Distribution" prepared by him for the court, and the court's failure to correct this error resulted in a decree ordering the legatees and devisees of the estate to pay statutory commissions of $9,100.20 to petitioner. But petitioner never attempted to enforce this provision in the court's order, and, according to his testimony, was not even aware of its existence until a short time before the trial herein. Moreover, in light of petitioner's earlier waiver and the fact that the inclusion of the provision for executor's fees in the final order was the result of clerical error, we doubt whether any such attempt would have been successful. In these circumstances, it would be open to any devisee of the estate to obtain a *nunc pro tunc* order correcting the original decree by eliminating the provision for allowance and payment of executor's fees in conformance with petitioner's intent as expressed in his petition to the Probate Court. See *In re Doane's Estate*, 62 Cal. 2d 68, 396 P. 2d 581, 41 Cal. Reptr. 165. Certainly, petitioner's affidavit to the Internal Revenue Service and his testimony and that of his attorney in these proceedings would make it impossible for petitioner to oppose this order, and we are satisfied that, despite the inadvertent allowance of executor's fees to petitioner in the final decree of the Probate Court, such fees were effectively waived by him so that he could not then and cannot now receive them.

Not only did petitioner waive his right to executor's fees, he did not even have sufficient cash on hand in the estate after paying the claims of creditors and the expenses of administration to pay himself such fees had he desired them. In fact, the cash on hand was insufficient to cover the fees of the attorney and the accountants who rendered substantial services to the estate. There was never any point at which executor's fees in the amount of $9,100.20, or any other sum, were credited to petitioner's account, set apart for him, or otherwise made available to him either by the estate or by the legatees and devisees of the estate. See sec. 1.451-2, Income Tax Regs. Thus, there is no factual basis here for application of the doctrine of constructive receipt. See *Mott* v. *Commissioner*, 85 F. 2d 315, 317-318 (C.A. 6), affirming on this issue 30 B.T.A. 1040, 1044-1045; *Estate of W. H. Kiser*, 12 T.C. 178, 180; *S. A. Wood*, 22 B.T.A. 535, 537, Cf. *Weil* v. *Commissioner*, 173 F. 2d 805 (C.A. 2).

Although the Government's principal contention is based upon "constructive receipt," a doctrine that we have found inapplicable on the facts of this case, it also suggests that petitioner must be charged with the exectuor's fees because he "earned" them. It does not go so far as to argue that an executor may never waive his fees so as to prevent them from being included in his gross income, but it relies upon certain revenue rulings (Rev. Rul. 66-167, 1966-1 C.B. 20; cf. Rev. Rul. 64-225, 1964-2 C.B. 15; Rev. Rul. 56-472, 1956-2 C.B. 21) to support its position that petitioner must in any event be accountable for the executor's fees. The precise theory of these rulings is not clear. Rev. Rul. 66-167, *supra*, appears to indicate that an executor may waive his right to compensation without incurring income tax liability, and the test is whether the waiver "will at least primarily constitute evidence of an intent to render a gratuitous service" (p. 21). Accordingly, if a waiver is made "within a reasonable time" after commencing to serve, it is regarded as "consistent with an intention to render gratuitous service" (headnote), but "if the timing, purpose, and effect of the waiver make it serve any other important objective, it may then be proper to conclude that the fiduciary has thereby enjoyed a realization of income by means of controlling the disposition thereof" (p. 21). We need not consider whether this represents sound theory, because from our appraisal of the evidence we think petitioner never had any intention to receive compensation for his services, and that the factual foundation for applying the ruling against him is absent.

To be sure, the record before us contains material that is confusing and contradictory in respect of petitioner's intentions. Much of the confusion is attributable to the bungling manner in which petitioner's counsel handled the matter. But we are satisfied from the evidence as

a whole, with particular reliance upon our impression of petitioner himself on the witness stand, notwithstanding contradictions in his testimony, that petitioner never in fact intended to receive any executor's fees, and that the subsequent written waiver merely formalized that intention.

We hold that petitioner could render gratuitous services without subjecting himself to income tax liability therefor and that the factual basis does not exist on this unusual record to charge him with having realized income on the theory of the revenue rulings, whatever that may be.

*Decision will be entered for the petitioners.*