**COMMISSIONER OF INTERNAL REVENUE v. MOTT.**

**MOTT v. COMMISSIONER OF INTERNAL REVENUE.**

**Nos. 7037, 7038.**

Circuit Court of Appeals, Sixth Circuit.

June 30, 1936.

316

Harry Marselli, of Washington, D. C. (Frank J. Wideman, Sewall Key, and Helen R. Carloss, all of Washington, D. C., on the brief), for the Commissioner.

Davis Sher, of New York City (John Thomas Smith, of New York City and Warren E. Talcott, of Detroit, Mich., on the brief), for Charles Stewart Mott.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

In 1929 the taxpayer established three irrevocable trusts with himself as trustee, one for each of his three children. Each of the instruments provides that the trustee shall manage, control, and administer the trust property, with power to sell it and reinvest the proceeds for the benefit of the beneficiary. In each he is authorized to use the income for the support and education of the beneficiary or to pay it to the beneficiary in monthly installments until he or she shall arrive at the age of 25 years, at which time one-fourth of the principal shall be paid; at 30 years of age another one-fourth is to be paid; and like amounts at 35 and at 40, at which latter age the trust shall terminate. Provision is made in each instrument for the devolution of the trust property in the event of the death of the beneficiary. Each also empowers the taxpayer as trustee to pay from the income of the trust "the premiums on such insurance as may be taken out for the beneficiary of this trust," and each authorizes the payment to the taxpayer or his successor, as trustee, of 3 per cent. of the income of the trust as compensation for services. The taxpayer has never retained any part of the trust income or accepted any compensation for his services as trustee. At the time the trusts were established he carried several policies of life insurance under which the insurance was payable in monthly installments to his children, share and share alike for life. He also had policies payable in cash to the three children, or their issue per stirpes, share and share alike, upon his death. The combined income from the three trusts for 1927 was $476,767.52, and for 1928, $1,414,952.11, which amounts were paid to the three beneficiaries in the proportions provided in the trust agreements. Premiums on the insurance policies of the petitioner for those years amounted to something over a hundred thousand dollars. No part of those premiums was paid from the income of the trust estates. The Commissioner of Internal Revenue made deficiency assessments of income taxes against the taxpayer for each of the years 1927 and 1928 by including in his income 3 per cent. of the income of the trust estates, together with amounts equal to the premiums on his life insurance policies. The taxpayer appealed to the Board of Tax Appeals. The Commissioner, by amended answer before the Board, claimed that the entire income of the trusts was taxable to the taxpayer under section 219 (h) of the Revenue Act of 1926 (44 Stat. 9, 32), and section 167 of the Revenue Act of 1928 (45 Stat. 791, 26 U.S.C.A. § 167 note). The Board denied the Commissioner's claim and overruled his assessment so far as it included in the taxpayer's income 3 per cent. of the trust income, but sustained him in including therein amounts equal to the insurance premiums. Both parties petition for review; the taxpayer contending that the Board erred in including in his income amounts equal to the insurance premiums, and the Commissioner, that it erred in not including therein the entire income from the trust estates, and alternatively, in failing to include 3 per cent. of the trust income, which, as he contends, the taxpayer constructively received.

Section 219 (h) of the Revenue Act of 1926 (44 Stat. 32), which is substantially identical with the 1928 act, provides: "Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of in-

surance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214), such part of the income of the trust shall be included in computing the net income of the grantor." If the premiums on the insurance policies had been paid from the income of the trust estates, there could be no question as to the taxability of such amounts under this statute to the petitioner for the years in question. Burnet v. Wells, 289 U.S. 670, 53 S.Ct. 761, 77 L.Ed. 1439; DuPont v. Commissioner, 289 U.S. 685, 53 S.Ct. 766, 77 L. Ed. 1447. The premiums were not, however, paid from income of the trust estates, but were paid by the beneficiaries of the policies, who had income in addition to their income derived from the trust estates. Indeed, the Board found that no part of the income of any of the three trusts was used to pay premiums on the policies. The controversy thus revolves about the words "may be applied." The question as to the meaning of these words and whether they apply to the facts in the case at bar is to be determined in connection with the provision of the trust agreements authorizing the payment of insurance premiums from trust incomes. That provision is: "The trustee * * * is also empowered to pay from the income of this trust the premiums on such insurance as may be taken out for the benefit of the beneficiary of this trust."

The Commissioner contends that the words of the statute "may be applied" are not limited in their application to income of trusts actually used to pay premiums, but include all income which a grantor would be permitted to use for the payment of premiums on life insurance policies, whether he in fact does or does not use it for such purpose, and that the grantor in this case might have used the entire income from the trust estates to pay the premiums on life insurance policies which he might have taken out for the benefit of the beneficiaries had he wished to do so. Upon that theory it is argued that the entire income was taxable to the grantor. The contention is fallacious, it seems to us, in failing to take account of the power conferred on the grantor under the instruments of trust, which, as stated in the provision quoted, is limited to the payment of premiums from the income of the trusts on such insurance as may be taken out for the benefit of the beneficiaries of the trusts. With-

out considering the variance or lack of identity in conceivable contingencies between the beneficiaries of the policies and the trust beneficiaries, it is sufficient to say that the words in the trust agreements "may be taken out" are to be construed as speaking in futuro, that is, as referring to policies actually taken out for the benefit of the beneficiaries after the establishment of the trusts and not policies then existing or policies which might have been but were not taken out. In that view there is no power in the trustee under the trust agreements to pay the premiums on any insurance policies except such as should actually be taken out after the creation of the trusts, and in consequence the "may be applied" provision of the statute refers only to income which the trustee has the right to use for payments of premiums on policies actually taken out after the creation of the trusts and existing in the taxable years, and does not include income which the trustee might have used for premiums had he taken out such policies. The case is entirely different from the Wells Case in that there one of the purposes in creating the trust was to pay the premiums on a policy of insurance on the life of the grantor, and as pointed out by the court, had the trustee failed or refused to perform this duty, the insured could have maintained a suit to require it to do so. Here there is no provision in the trust agreement requiring or even empowering the trustee to pay from the income of the trusts premiums on pre-existing policies. He is only empowered to pay the premiums on such insurance as should be taken out after the creation of the trusts, and since then no insurance has been taken out.

We are in accord with the Board's view as to the error of the Commissioner in adding to the taxpayer's income 3 per cent. of the gross income of the trust estates. The taxpayer as trustee had the right, as stated by the Board, to render his services to the trust estate free of charge if he wished to do so. He did in fact render such services without charge. To hold that he is chargeable with receiving compensation which he might have received but did not receive would be contrary, in our opinion, to the aims and purposes of the income tax laws. Of course, there may be taxable income not actually received or reduced to possession, such as where it is credited to the account of or set apart for the taxpayer without limitation or restriction (Art. 51, Treasury Reg-

ulations 69) ; but in this case the evidence shows that no part of the 3 per cent. which the taxpayer might have charged was ever set apart for his benefit. He certainly never received any part of it. It is not claimed that deductions therefor were made from the gross income of the trust estates. In our opinion there was no constructive receipt of it by the taxpayer which rendered it taxable to him.

The order of the Board, so far as it includes in the income of the taxpayer amounts equivalent to the premiums paid on the insurance policies, is reversed, but in other respects it is affirmed.