## W. K. FRANK TRUST OF 1931 v. COMMISSIONER OF INTERNAL REVENUE.

## ROBERT J. FRANK TRUST OF 1931 v. SAME.

### Nos. 8644, 8646.

Circuit Court of Appeals, Third Circuit.
Argued Oct. 5, 1944.
Decided Nov. 2, 1944.

---

412

See also, 145 F.2d 413.

S. Leo Ruslander, of Pittsburgh, Pa. (Samuel Kaufman and Julian H. Ruslander, both of Pittsburgh, on the brief), for petitioners.

Melva M. Graney, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GOODRICH and McLAUGH-LIN, Circuit Judges, and KALODNER, District Judge.

GOODRICH, Circuit Judge.

These two cases, which were consolidated both for trial in the Tax Court and for argument here, present the same single legal question. The W. K. Frank Trust of 1931 will be referred to as "the taxpayer" and everything said concerning it is applicable in the case of the Robert J. Frank Trust of 1931 except as to the amount involved.

The trust was set up in 1931. Its original corpus was the entire capital stock of W. K. Frank, Inc. This corporation was liquidated in 1938 and taxpayer received as a distribution in liquidation shares of the National Steel Corporation and other securities. In 1939, pursuant to authority conferred in the trust instrument,[1] the trustees donated 181 shares of National Steel Corporation stock to three orga..izations which were operated exclusively for religious, charitable and educational purposes. These shares were part of the shares which had been received by the taxpayer as a distribution when W. K. Frank, Inc. was liquidated and constituted a part of the corpus of the trust. The contributions were made under resolutions of the trustees to the effect that the value of the shares at the date of distribution should be charged against the income of the trust, the trustees finding their authority in Article VI already quoted in the margin. In the taxpayer's income tax return for 1939 the market value of the stock at the time the gift was made was claimed as a deduction from gross income under § 162(a) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 162(a).[2] This was disallowed by the Commissioner and the Commissioner's position was sustained by the Tax Court.

The taxpayer's argument calls attention to the decision in Old Colony Trust Co. v.

---

[1] The W. K. Frank trust contains the following provision:

"VI. Anything hereinbefore to the contrary notwithstanding, said Trustees, by majority vote, shall have the right and power at any time and from time to time, in their own uncontrolled discretion, to make distribution of the principal of this trust, in whole or in part, as well as of any or all undistributed income, to my wife or any of my children, or any of the other beneficiaries mentioned in Items II and III above; to vary or change and fix the share of the income and/or principal of and the manner of paying the same to, any of the beneficiaries (including my wife) hereinabove mentioned, in such manner as they shall deem right and proper, or to eliminate entirely any of said beneficiaries from participation in the income and/or principal of the trust estate; and to choose beneficiaries, whether they be individuals (excluding therefrom, however the Donor) or organizations, associations, corporations or bodies maintained for religious, charitable, philanthropic, educational or other public uses

and purposes, to participate in the income and/or principal of the trust estate at such time or times, for such term or terms, and in such manner, proportions, percentages or amounts as they shall deem right and proper."

The Robert J. Frank trust contains a similar provision, but provides this is to be done with the consent of Cecelia K. Frank, Trustor's wife and one of the beneficiaries.

[2] "There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23 (o) ) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23(o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit;
* * * *"

Commissioner of Internal Revenue, 1937, 301 U.S. 379, 57 S.Ct. 813, 81 L.Ed. 1169, to show judicial recognition of the policy of giving liberal interpretation to those sections of the tax law which encourage, through deductions, gifts for charitable purposes. It argues that Congressional intent was certainly not to put obstacles in the way of such gifts by a trust since the 15% limitation applicable to individuals does not apply to contributions made by trusts. Since an individual taxpayer could make his gift in the form of property at its then market value and claim his deduction at that figure, the same should be true of the trust. Otherwise, the taxpayer urges, the trust is in a less favorable position than that of the individual taxpayer and such is not in accordance with legislative policy and court interpretation thereof.

■ An unsurmountable obstacle in acceptance of this argument is the statutory definition of gross income, defined as "gains, profits, and income derived from * * * trades, businesses, commerce, or sales, or dealings in property * * * growing out of the ownership or use of or interest in such property * * * or gains or profits and income derived from any source whatever." Internal Revenue Code § 22(a), 26 U.S.C.A. Int.Rev.Code, § 22(a). The shares of which the trust made a gift in 1939 were not income but were part of its corpus. They were worth more on the market when the gift was made than they were when the trust got them. Such appreciation in value, unrealized by sale or other disposition, was not gross income. United States v. Safety Car Heating & Lighting Co., 1936, 297 U.S. 88, 99, 56 S.Ct. 353, 80 L.Ed. 500; Eaton v. White, Commissioner of Internal Revenue, 1 Cir., 1934, 70 F.2d 449. That the plain meaning of the statute as worded governs has been declared many times. Helvering, Commissioner of Internal Revenue, v. Hammel et ux., 1941, 311 U.S. 504, 510, 511, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481; Woolford Realty Co., Inc., v. Rose, Collector of Internal Revenue, 1932, 286 U.S. 319, 327, 52 S.Ct. 568, 76 L.Ed. 1128.

■ The contributions were made under resolutions of the trustees that the value of the shares at distribution should be charged against the income of the trust. But such resolutions cannot convert corpus into income so as to authorize deductions for tax purposes. What the taxpayer did, not what he intended to do is determinative. Commissioner of Internal Revenue v. Merchants' & Manufacturers' Fire Ins. Co., 3 Cir., 1934, 72 F.2d 408, 409. Cf. Bank of America Nat. Trust & Savings Ass'n v. Commissioner of Internal Revenue, 9 Cir., 1942, 126 F.2d 48, 52; Wellman v. Welch, 1 Cir., 1938, 99 F.2d 75.

This is sufficient to dispose of the case adversely to the taxpayer's contention. It may be added, however, that the general argument in favor of an interpretation which will aid charitable gifts becomes less plausible when the statutes are carefully examined. Section 23(o) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(o), provides for the charitable gift deductions for individuals. In § 162(a), 26 U.S.C.A. Int.Rev.Code, § 162(a), the deduction for such gifts from the net income of a trust is provided for and is expressly stated to be in lieu of the deduction authorized by § 23(o).[3] If the provisions for charitable contributions by individual taxpayers and by trusts are to be made identical, the Congress, which has made a distinction between the two for many years, can abolish the distinction. But it cannot be done by a court without distortion of obvious Congressional intent.

The decision of the Tax Court is affirmed.

---

3 The distinction is not a new one. See 6 Merten's Law of Federal Income Taxation, § 36.69 (1942).