## FRANK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8645.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 5, 1944.

Decided Nov. 2, 1944.

---

3 The distinction is not a new one. See 6 Merten's Law of Federal Income Taxation, § 36.69 (1942).

414 

S. Leo Ruslander, of Pittsburgh, Pa. (Samuel Kaufman and Julian H. Ruslander, both of Pittsburgh, Pa., on the brief), for petitioner.

Melva M. Graney, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, and Robert N. Anderson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GOODRICH and McLAUGH-LIN, Circuit Judges, and KALODNER, District Judge.

GOODRICH, Circuit Judge.

This case is part of the same litigation as that involved in Nos. 8644 and 8646. 145 F.2d 411. It concerns the income for 1939 of Cecelia K. Frank one of the beneficiaries and also one of the trustees of the Robert J. Frank Trust.

Under the terms of the trust the taxpayer was to receive 50% of the net income of the trust. With her consent, however, the trustees could choose charitable organizations to participate in the income or principal of the trust. There was a fur-

ther provision that no title in the trust estate or the income therefrom should vest in the beneficiaries prior to actual distribution.

During the year 1939 the taxpayer derived her entire gross income from the Robert J. Frank Trust. The cash distribution to her was $11,000. The Commissioner determined that 50% of the net income of the trust for 1939 was $18,750.20. The correctness of this determination is settled by the affirmance of the Tax Court in the Robert J. Frank case (No. 8646) referred to above. The question in dispute here is whether the taxpayer's gross income for 1939 is $18,750.20 or the $11,000 actually received by her from the trustees for the year in question.

In supporting the case for the lower figure taxpayer urges that one may refuse to enforce a right, forswear a debt due, or relinquish a claim without being subjected to an income tax thereon based on the doctrine of a constructive gift. For the proposition is cited and urged upon us the decisions of the Ninth Circuit in Commissioner of Internal Revenue v. Giannini, 1942, 129 F.2d 638 and the Sixth Circuit in Commissioner of Internal Revenue v. Mott, 1936, 85 F.2d 315.

From the facts which we have before us in this case, we are not faced with the question similar to that presented to the Ninth Circuit in the Giannini litigation. There were no formal findings of fact made by the Tax Court in this case. We find from the statement in the opinion of the Tax Court that the amount actually distributed to the taxpayer by the trustees in 1939 was $11,000. The provision of paragraph VI of the trust instrument provides for the distribution of charitable gifts only with the consent of Cecelia K. Frank, the taxpayer. Presumably she consented to the gifts which were made that year. But it is not shown, and we have no facts from which we can deduce, that there was a waiver, refusal or relinquishment of her right to the difference between what she received and what constituted 50% of the income of the trust for that year. The establishment of such fact was the taxpayer's burden as part of proving her case. Helvering, Commissioner of Internal Revenue v. Fitch, 1940, 309 U.S. 149, 156, 60 S.Ct. 427, 84 L.Ed. 665.

Even if it were shown that the taxpayer took this $11,000 and committed

herself to a legal relinquishment of the remainder of what she had coming from the trust for this taxable year her case is not an easy one. A group of Supreme Court decisions holds that where one disposes of something which he has legally coming to him by giving it away ahead of its receipt he is, nevertheless, subject to income taxation thereon as though he had actually taken it in hand. Harrison, Collector of Internal Revenue, v. Schaffner, 1941, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055; Helvering, Commissioner of Internal Revenue, v. Horst, 1940, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering, Commissioner of Internal Revenue, v. Eubank, 1940, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81. Whether we should agree that the Giannini case successfully distinguished this line of cases does not have to be determined on the statement of facts now before us.

The decision of the Tax Court is affirmed.