### HEDRICK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 134.

Circuit Court of Appeals, Second Circuit.

March 15, 1946.

Jeremiah F. Cross, of New York City, for petitioner.

Sewall Key, Acting Asst. Atty. Gen., and A. F. Prescott and Louise Foster, Spec. Assts. to Atty. Gen., for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The petitioner is a former employee of the New York Telephone Company who was in 1941 retired from active service pursuant to a notice he received on or about June 10th of that year and who unsuccessfully sought reinstatement to active duty. When he was retired there was, and for some time had been, in effect a pension plan set up by the company under which he was entitled to receive retirement pay and he was given a blank to use in applying for it. Fearing, however, that being a pensioner might make it more difficult to obtain employment elsewhere, he refused to sign the application and told one of the officials of the company that he would not accept a pension. Nevertheless the company sent him checks equal to his full pay for three months after he ceased to be on active duty, this being what he was entitled to receive in accordance with the provisions of the plan while he was on so-called "pre-retirement leave." These checks, amounting to six hundred and three dollars, are all that are involved in this controversy. After they were received by the petitioner he neither cashed them nor returned them. He testified in the Tax Court that some of them were still in his possession but he did not know how many he had or what had become of the others. They were all drawn on a bank which held funds for their payment and which acted as the agent of the company in making payments under the pension plan.

The deficiency was determined by the Commissioner by including in petitioner's gross income for 1941 the total amount for which these checks were drawn. The Tax Court redetermined the deficiency in the same way.

We take it for granted that the petitioner could have cashed all the checks which he received and used the proceeds as he saw fit. That being so, decision should turn upon whether such a receipt of the checks which were sent to him contrary to his wishes is a constructive receipt of income by him. We think it is. The checks were sent in payment of a matured obligation of the company to pay him the retirement benefits which were a concomitant of the job he held. Although he had not fulfilled a procedural condition precedent in making application for them, that requirement could be waived by the company and sending the checks was such a waiver. When they were received the petitioner was as free to cash them as he would have been had they been sent in response to his application. The amounts for which they were drawn were thus made unconditionally available to him in satisfaction of an obligation of his debtor. See 2 Mertens, Law of Federal Income Taxation (1942) c. 10; Magill, Taxable Income (Rev. Ed. 1945) c. 7. He then constructively received the proceeds of the checks whether he elected to take down the cash or not. His clear right and unhampered opportunity to do as he would with what was due him fixed the tax consequences. As was said in Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 337, 74 L.Ed. 916, "The income which is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not." See also, Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Loose v. United States, 8 Cir., 74 F.2d 147.

Com'r v. Mott, 6 Cir., 85 F.2d 315, 106 A.L.R. 537, is distinguishable since what was there due the taxpayer was not paid or made unconditionally available to him during the taxable period. Perhaps Com'r v. Giannini, 9 Cir., 129 F.2d 638 may be distinguished on the facts. If, as we understand them, the amount sought to be taxed as income was offered compensation which the taxpayer refused before he performed the services for which he might have been so paid and the bank acquiesced in the taxpayer's insistence that he should serve for the remainder of the year without additional compensation, we agree with it. In so far as it cannot be so distinguished, we are not persuaded that it should be followed.

Affirmed.