OPINION. TURNER, Judge: Under the provisions of section 22 (b) (5) of the Internal Revenue Code,[3] the amount of any damages received on account of personal injuries is specifically excluded from gross income. Petitioner has alleged that the president of Interstate, Samuel Berg-stein, physically assaulted him in the presence of various company employees, an event which he claims seriously damaged him in his trade or business; that $10,000 of the above settlement was received as damages on account of such injuries; and that respondent, in making his determination, has erred in including the said amount as taxable income. As to whether an assault actually occurred, as alleged, the testimony is in direct conflict. The petitioner testified that he was assaulted by Samuel Bergstein, whereas Bergstein testified that there was no assault; and although petitioner testified further that the assault was in the presence of witnesses, he did not call any of them to corroborate his story. From the testimony as we heard it, we are neither convinced nor persuaded that there was an assault as alleged, and even if there was, the proof does not show that any part of the settlement was in payment of damages on account thereof. Petitioner attended only the first and the last conferences having to do with the settlement of his claims, and he has admitted his own inability to state what transpired at the negotiation meetings. The attorney who represented petitioner in the settlement negotiations had died prior to the trial herein, and we do not have the benefit of his testimony. And while there is some indication of record that at least on one occasion a second attorney appeared in petitioner’s behalf, no such attorney was called to testify. Council for Interstate did testify and while he did remember that negotiations were had concerning the acquisition of petitioner’s Interstate stock and that petitioner’s original bonus claim was for “a very fantastic sum,” he could recall no claim for damages by reason of any assault. Furthermore, while we note specific reference to the stock purchase and the bonus claim on the checks issued in payment of the settlement amount agreed to and in the releases signed by petitioner, there is no mention of any claim for damages on account of the assault, or of an allowance therefor. The evidence not only does not establish, but tends to refute, petitioner’s claim that $10,000, or any part, of the lump-sum settlement between him and Interstate was received by him as damages for assault. His claim with respect thereto is accordingly denied. Petitioner’s second allegation of error is that the respondent erroneously included in taxable income for 1946, as constructively received in that year, that part of the settlement, $13,034.29, which was not in fact actually paid to him until 1947. As a general rule, there must be actual receipt of income in the case of a taxpayer reporting on a cash basis of accounting before income tax liability with respect thereto is incurred. An exception to this rule is found in the theory, or doctrine, of constructive receipt, which treats as taxable that income which is unqualifiedly made subject to the demand of the taxpayer, whether or not such income is actually reduced to possession. Regs. 111, sec. 29.42-2. In short, a taxpayer may not avoid the tax by turning his back on income which is available to him and may be taken by him at will. Hamilton Nat. Bank of Chattanooga, Administrator, 29 B. T. A. 63. For the converse of this case, see Walter I. Bones, 4 T. C. 415. Compare Hedrick v. Commissioner, 154 F. 2d 90. Petitioner and Interstate, through their respective counsel, arrived at the final settlement of $50,641.30 for bonus and stock not later than December 28, 1946. The record amply shows that Interstate was ready, able, and willing to pay the full amount of the settlement at that time, and there is nothing to indicate that from its standpoint any purpose would be served or any advantage would inure to it by not doing so. Interstate regularly kept its books of account and reported its income on the basis of a fiscal year ending July 31, and tax-wise, the result would have been the same if the settlement had been paid in full in December of 1946, January of 1947, or partly in one month and partly in the other. Furthermore, there is no indication, money-wise, that it was of any moment to Interstate whether the payment was made in full in December or in January, or divided between the two months. The payments were not made through the bank in Middletown regularly used by Interstate in its day-to-day operations, but through a bank in Cincinnati, and in which funds sufficient for making the payment in full were on deposit and had been since November 30, 1946. Looking at the other side of the picture, it is to be noted that the payment of the $13,034.29 was postponed from December 1946, to January 3,1947, solely at the request of petitioner’s counsel. Such being the record on the matter, we are of the opinion and hold that the said $13,034.29 was constructively received by petitioner in 1946, and that the respondent did not err in including the amount in petitioner’s gross income for that year. By amended answer, filed at the. trial herein, it is the claim of the respondent that $1,237.84 of the fees paid by petitioner to his attorneys in negotiating and collecting the amount of the above settlement was an expense in the sale of petitioner’s Interstate stock and therefore an offset against the selling price in determining the amount of capital gain realized thereon, and not therefore deductible against gross income. By reply, belatedly filed, and in a proposed computation of tax attached as Appendix B to his brief, petitioner seemingly accepts respondent’s claim in principle, but does have some points of difference as to the ratio by which the portion of the fees allocable to the stock sale should be computed. While the proposed computation is not clear, there is some indication that the results under the respondent’s claim may be the more favorable to petitioner. In any event, we have found on the evidence that $1,237.84 of the amount paid to the attorneys was for services in connection with the sale by petitioner of his Interstate stock, leaving any mathematical differences which may exist between the parties to be resolved in the computations hereunder. Decision will he entered wnder Bule 50. SEC. 22. GROSS INCOME. (b) Exclusions Erom Gross Income. — j-The following Items sliall not be Included In gross Income and shall be exempt from taxation under this chapter: ******* (5) Compensation for injuries OR SICKNESS. — Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 23 (x) in any prior taxable year, amounts received through accident or health insurance or under workmen’s compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active servio" in the armed forces of any country;