**Eugene J. OBLAND, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 67 C 121(1).**

United States District Court
E. D. Missouri, E. D.

Nov. 18, 1967.

Eugene J. Obland, pro se.

Veryl L. Riddle, U. S. Atty., John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, Chief Judge.

This case is before the court on defendant's motion for summary judgment. Plaintiff is suing for a refund of federal income taxes in the amount of $18.14, paid for the year 1961, together with interest and his costs in the litigation. This court has jurisdiction under 28 U.S.C.A. § 1346.

From the pleadings, answer to defendant's interrogatories, and admissions of facts, it appears there is no dispute as to the facts, and insofar as they are relevant they may be simply stated. Plaintiff was employed by an electronics firm during the first five months of 1961, the taxable year in question. On June 8th of that year he received his final paycheck in the amount of $74.39, based on gross wages of $92.50, less deductions of $18.11. From about that time until the early part of 1963 he was engaged in educational pursuits and had little income. Contemplating that his income would be less than $600 in 1962, and apparently wishing to save some funds for that year, plaintiff delayed realizing on the final salary check until 1962.

Since he had not cashed the check plaintif decided, presumably with the best of intentions, that he need not report the wages represented by it as part of his 1961 income. He filed a "corrected" withholding tax statement in place of the one prepared by his employer, omitting the $92.50 in final wages. Having realized on the check in 1962, he reported the $92.50 on his return for that year, which, as he had anticipated, showed income including this amount of less than $600, and no tax liability. He was then advised by the District Director's office that the $92.50 in wages should have been reported in 1961, and he filed an amended return for that year and paid the additional taxes of $18.14. Still believing that the check did not represent income from 1961, he filed a timely claim for a refund of this amount, which was disallowed in full by the District Director in St. Louis, and then commenced this suit.

Plaintiff has apparently proceeded entirely without the advice of counsel, which partially explains his dogged pursuit of such a hopeless cause. However, he feels his case to be a matter of principle, and if it were such perhaps he should be commended for not quitting, although the amount in dispute is small. It is difficult to see any principle involved which does not weigh against him, and it must be concluded that he has pressed his cause for no better reason than that he lacks understanding of the necessary principles underlying our government's periodic taxation of income.

■ Since the income tax is characterized by varying rates which progress as one's income increases, it is necessary in order to apply the tax equally to have some fixed and definite system of assigning income to the different taxing periods. Seeking to employ the system which reflects most closely economic reality, the government taxes income, speaking in general terms, when it becomes available in a practical sense to the taxpayer. For a taxpayer who has chosen to be on the cash basis, as the plaintiff here admits he has, this often will not be until cash is received. But in many other transactions a taxpayer has it within his immediate power to receive money or other property, but need not realize upon this right for some time if he chooses. In other words, although it is not strictly speaking in hand, the money, a property, is available for his use just as though it were in his hand. Thus income can be practically available at different times, sometimes only when cash is received, but sometimes long before then.

■ The government characterizes the latter type of availability as "constructive receipt" and considers it the same as actual receipt. Thus a taxable event occurs, and income must be reported, in the earliest year in which the money or property is either actually or constructively received. Treasury Regulations §§ 1.451–1(a),–2(a). Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L. Ed. 916 (1930). In the case of a check

which can be turned into cash immediately, the receipt of the check, not the subsequent receipt of cash, is the taxable event. Lavery v. Commissioner of Internal Revenue, 7 Cir., 158 F.2d 859; Hedrick v. Commissioner of Internal Revenue, 2 Cir., 154 F.2d 90. It is quite clear that this was the situation with plaintiff's last salary payment, since he has admitted that the check he received was an ordinary paycheck without restrictions. While plaintiff seems to regard this result as somehow inequitable, it should be clear that it is both necessary and fair, because income must somehow be assigned to years, and because this method so assigns it in a manner truly reflecting the economic power it represents.

While it is not necessary to mention several other matters raised by plaintiff presumably to further his cause, although how they might do so is not at all clear, since the plaintiff represents himself they will be discussed. Plaintiff's answer to the defendant's motion for summary judgment requests an extension of time within which to seek a declaratory judgment, apparently on some questions of banking law which he thinks have a bearing on the validity of the government's constructive receipt doctrine. The point he seems to be pursuing is that a check does not, of itself, create liability to the payee, either on the part of the drawer (the employer in this instance) or of the drawee bank. But such a proposition is irrelevant here since the liability with which tax law is concerned is the underlying liability of employer to employee, of which there is certainly no dispute in this case. Given that liability and a willingness to pay without restriction on the part of the employer, the fact that the instrument of payment does not in itself create a liability is immaterial.

To the extent that this is the matter which plaintiff seeks to bring up in a declaratory judgment action, such a proceeding would serve no useful purpose. It should also be noted that the Declaratory Judgment Act, 28 U.S.C.A. § 2201, specifically excludes controversies with respect to federal taxes. Moreover, it is difficult to see any relief which might be afforded plaintiff by such an action which is not also here available.

Plaintiff also raises problems with respect to the doctrine of constructive receipt which arise when a check is received close to the end of the year and the money it represents is not obtainable before the tax period ends. But the existence of this occasional difficulty in the application of the doctrine certainly does not serve his cause. Instead, it should demonstrate to him just how little merit there is to his position, since he had over six months within which to cash the check he now claims was not income for the year in which he received it.

For the foregoing reasons, the motion of the defendant for summary judgment is sustained and the clerk will prepare and enter the proper order to that effect.