In re BALBACH'S ESTATE.

RUARK, Appellant, v. BLUM, Respondent.

(227 N. W. 886.)

(File No. 6735. Opinion filed December 10, 1929.)

*F. P. Matz,* of Huron, for Appellant.

*Gardner & Churchill* and *George E. Longstaff,* all of Huron, for Respondent.

CAMPBELL, J.   Appellant, Ruark, was named as executor in the will of Balbach, deceased, which will contained no provision relating to compensation of the executor.   Letters testamentary were issued to Ruark March 10, 1926, and he qualified and proceeded to administer the estate, filing his final account as executor on October 22, 1927.   The total assets of the estate coming into the hands of the executor consisted of cash in the amount of $1,890.80 and real property not sold for payment of debts or otherwise by order of court during the process of administration of the total inventory value of $3,300.   In his final account appellant credited himself as compensation for his services as executor with the sum of $270.   Respondent, a legatee under the will, took due steps to appear in county court and contest the allowance of this and other items in the account of the executor, and as a result of such contest, an order was duly made and entered in the county court disallowing the item of $270 claimed by appellant as compensation for his services as executor, and allowing to him as full compensation for such services the sum of $85.63, and no more, being a percentage upon the assets of the estate accounted for by him, exclusive of realty not sold (to wit, money in the sum of $1,890.18) at the rate of 5 per cent upon the first $1,000 thereof and 4 per cent upon the remaining $890.18 thereof.

From this determination of the county court the executor appealed to the circuit court of Beadle county, which by its judgment arrived at the same determination as the county court with reference to the compensation of the executor, and from the judgment of the circuit court and a denial of his application for a new trial the executor has now appealed to this court.

Part of the real estate not sold in the instant case consisted of a residence property in Huron, S. D., and appellant executor contends that he performed labor and services in connection

therewith not usually performed by an executor in person, which labor and services were for the benefit of the estate and which it would have been necessary for him to hire if he had not performed them himself, such for example as cleaning up the premises before change of tenants, putting in furnace grates, repairing furnace and bathroom, scrubbing the house, and other items of that kind. He claims that such services were well and reasonably worth the sum of $270 to the estate and that they should be allowed to him, either under section 3363, Revised Code 1919, or under section 3365, Revised Code 1919, under the proviso therein contained.

The language of the statutory provisions referred to is as follows:

"§ 3363. Allowed Expenses and Certain Fees. He shall be allowed all necessary expenses in the care, management and settlement of the estate, and for his services such fees as are provided in this article, but when the decedent, by his will, makes some other provision for the compensation of his executor, that shall be a full compensation for his services, unless by a written instrument, filed in the county court, he renounces all claim for compensation provided by the will; provided, that where he furnishes any bond or undertaking with a surety company as surety, any reasonable amount which he is obliged to pay therefor, not exceeding one-half of one per cent per annum of the face of the bond, may be allowed as part of the costs of administration."

"§ 3365. Fees and Commissions. When no compensation is provided by will or the executor renounces all claim thereto, he must be allowed commissions upon the amount of the whole estate accounted for by him, excluding all property not ranked as assets and all real property not sold for the payment of debts or otherwise by order of court, as follows: On the first one thousand dollars at the rate of five per cent; on all sums in excess of one thousand and not exceeding five thousand dollars at the rate of four per cent; and on all sums in excess of five thousand dollars at the rate of two and one-half per cent. Provided, that in cases where the estate shall consist wholly of property not ranked as assets or real property, not sold by order of court, or both, the executor shall receive a just and reasonable compensation for the services performed, to be fixed by the court. Administrators shall be allowed

the same commissions and compensation as are allowed executors for like services."

Assuming that the services performed by appellant were extraordinary and unusual and beyond the customary scope of duty of an executor, and assuming that said services were worth to the estate what appellant claims they were, nevertheless his contentions cannot be sustained. It is entirely clear that the allowance contemplated to be made under section 3363, Rev. Code 1919, is for actual disbursements made by the executor or administrator, and not for his own labor or services, and we certainly cannot indulge any fiction that the executor contracted with and paid himself for the performance of such services and thus make the allowance under the guise of a necessary expense. He did not do so in fact, and if he had attempted so to do such conduct would have been inconsistent with his trust and not permissible.

Appellant's chief contention is, however, that the allowance may be made under the clause of section 3365, Rev. Code 1919, reading as follows: "Provided, that in cases where the estate shall consist wholly of property not ranked as assets or real property, not sold by order of court, or both, the executor shall receive a just and reasonable compensation for the services performed, to be fixed by the court."

This position is likewise untenable. So to hold would require us to disregard the clear language of the statute which makes this proviso applicable only where the estate consists *wholly* of property not ranked as assets or real property not sold by order of court or both." This we are not at liberty to do. We think the language of the statute is plain and explicit, and if there were any possible question about its construction the history of the legislation demonstrates very clearly that it cannot be construed as contended for by appellant.

Section 3365, Rev. Code 1919, assumed its present form by amendment of existing law by chapter 24, Laws 1909. Previously to the 1909 amendment, the statute (originating as section 238, Probate Code of 1877 and carried forward without substantial change as section 5888, Comp. Laws 1887, and section 271, Rev. Probate Code 1903) read as follows: "When no compensation is provided by the will, or the executor renounces all claim thereto, he must be allowed commissions upon the amount of the whole

estate accounted for by him, excluding all property not ranked as assets, as follows: For the first thousand dollars, at the rate of five per cent; for all above that sum and not exceeding five thousand dollars, at the rate of four per cent; for all above that sum at the rate of two and one half per cent; and the same commission must be allowed administrators. In all cases such further allowance may be made as the probate judge may deem just and reasonable, for any extraordinary service. The total amount of such allowance must not exceed the amount of commissions allowed by this section."

It is thus apparent that prior to the 1909 amendment it had been the law of this state since territorial days that the county judge might "in all cases" make such further allowance (up to a certain limit) as he might deem just or reasonable for extraordinary services. It seems very clear that by the 1909 amendment the Legislature intended to take this power from the county court save only in the single instance specified in the statute as it now reads, and that the Legislature intended that the compensation of an executor not otherwise provided for by will should be limited to the statutory percentage commission, excepting only in cases where the estate consisted *wholly* of property not ranked as assets or real property not sold.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, BURCH, and BROWN, JJ., concur.