Samuel Faile, S.
The only question presented for determination in this trustees’ accounting proceeding relates to the right of two of the trustees to annual principal commissions under the will of testator, and the right of the third trustee to annual principal commissions under the petition and order appointing him as a successor trustee. Annual principal commissions are claimed by virtue of subdivision IB of section 285-a of the Surrogate’s Court Act, enacted by chapter 694 of the Laws of 1943, effective September 1, 1943, and the enactment of subdivision 3 of section 285-a by chapter 582 of the Laws of 1948, effective April 1,1948.
The decedent died a resident of Westchester County in 1934. By article Seventh of his will dated December 8, 1924, decedent provided as follows with respect to the compensation of the persons named as executors and trustees: “ provided that they, *833 as such Executors, and as Trustees of trusts created hereunder, will accept as compensation for their services as such Executors and Trustees the fees provided to be paid to Executors and Testamentary Trustees as prescribed by the laws of the State of New York as they existed prior to September 1st, 1923, the date when Chapter 649 of the Laws of 1923 become effective.”
One of the executors and trustees was appointed by a codicil dated May 17, 1926, and another was appointed executor and trustee by a codicil dated May 26, 1927. It is not disputed that their commissions as trustees are regulated by the above-quoted provisions of the will. One of the trustees died on June 6, 1949 and annual principal commissions have been computed to that date from September 1, 1943 when such additional principal commissions first became payable. Annual principal commissions as to the trustee appointed by the second codicil are computed from September 1, 1943 to the close of the accounting-period.
As of August 31, 1923, the provisions for commissions payable to testamentary trustees, as well as to executors, administrators and guardians, were contained in section 285 of the Surrogate’s Court Act which provided for commissions on receiving and paying- all sums of money not amounting to more than $1,000 at the rate of 5% ; for receiving and paying- out any additional sums not amounting- to more than $10,000 at the rate of 2%%, and for receiving and paying out sums of money in excess of $11,000 at the rate of 1%.
Chapter 694 of the Laws of 1943 provided in part for the payment annually from principal of an amount equal to the income commissions for each year plus an amount equal to 10% of such income commissions during each such year.
Section 285-a of the Surrogate’s Court Act as amended by chapter 582 of the Laws of 1948, provided in part as follows: ‘ ‘ 3. In addition to the commissions allowed by subdivisions one and two hereof, a trustee shall be entitled from the principal of the trust to annual additional principal commissions at the following rates ”.
The court determines that the trustees named in the codicils are not entitled to annual principal commissions. By the provisions of the will, the commissions of named trustees are expressly limited to commissions at the rates prescribed by section 285 of the Surrogate’s Court Act as it existed prior to September 1, 1923, the date immediately preceding that when chapter 649 of the Laws of 1923 became effective. The statute at that time contained no provision for an award of annual *834 principal commissions to a trustee. The statute also provided that where the will provided for specific commission to a testamentary trustee, he was not entitled to any allowance for his services unless by a written instrument filed with the Surrogate within four months from the date of his filing his oath, he renounced the specific compensation. The trustees did not renounce the specific compensation provided by the will and as above stated, it is not disputed that such commissions are regulated by the above-quoted provisions of the will. Since the statute at that time contained no provision for an award of annual principal commissions to a trustee, by virtue of the explicit provisions of the will, the trustees are limited to commissions at the rate prescribed by the laws in force immediately prior to September 1, 1923. The accountants cite Matter of Knowles (101 N. Y. S. 2d 601) as authority for the award of annual principal commissions. The holding in Matter of Knowles (supra) is inapplicable since the trust indenture there provided that the trustees were to be entitled to commissions allowed by law. In such event they would accordingly be the beneficiaries of any amendment awarding additional commissions. Here the provisions of the will necessarily preclude, an award of commissions greater than, or different from, those prescribed by section 285 of the Surrogate’s Court Act as it existed immediately prior to September 1, 1923.
The successor trustee was appointed by a decree of this court dated March 3,1942, upon a petition which contained the following provision: “ That the said * * * has evinced his willingness to act as Trustee without compensation as such so long as he shall receive compensation for acting as President of the * * * Company of at least $12,000 per year, and in case he shall receive less than that sum that such difference be made up in the form of commissions as such Trustee aforesaid to the extent that such commissions shall suffice therefore and that he receive no commissions upon principal unless he lives and is acting as Trustee upon termination of the trust. Should he cease to act as President of the * * * Company, he would receive full commissions on income for acting as Trustee (Italics added.) The decree appointing such successor trustee, dated March 3,1942, contained a provision to the effect that the commissions payable to such successor trustee were to be in accordance with the agreement set forth in the petition.
At the time of the appointment of such successor trustee, there was no statutory provision for an award of annual principal commissions to the trustee. Annual principal commissions *835 in behalf of the successor trustee are claimed pursuant to the enactment of section 285-a of the Surrogate’s Court Act, as amended by chapter 582 of the Laws of 1948.
The services of the successor trustee as president of the named company ended on its dissolution on July 18, 1951. The accountants have computed commissions under subdivision 3 for the period commencing July 19, 1951 and ending April 30, 1952 at the rate of 282/360ths of the amount of an annual principal commission.
The court determines that the successor trustee is not entitled to annual principal commissions. An estate fiduciary may agree to accept less than the commissions to which he would otherwise be entitled . (Matter of Glenn, 231 App. Div. 681, affd 258 N. Y. 536.) The appointment of such successor trustee was predicated upon the allegation in the petition that upon ceasing to act as president of the company, he was to receive ‘ ‘ full commissions on income for acting as trustee ’ ’. The petition expressly provided that he was to receive no commissions upon principal unless ‘ ‘ he lives and is acting as Trustee upon termination of the trust ”. The successor trustee is not, therefore, entitled to any principal commissions until the occurrence of the event provided for in the petition and decree upon which his appointment was based.
Settle decree.