ESTATE of BIESMANN. CROWLEY, Appellant v.
WALKER et al., Respondents

(220 N.W.2d 384)

(File No. 11275. Opinion filed July 25, 1974)

Dale L. Morman and John H. Shepard of Morman, Smit & Shepard, Sturgis, for appellant.

David E. Morrill of Morrill & Hansen, Sturgis, for respondents.

DOYLE, Justice.

George A. Biesmann died August 5, 1969, and on August 12, 1969, his widow, Katherine A. Biesmann, petitioned the district county court to admit to probate a purported will of the decedent. Hearing on the petition was set for September 2, 1969; however, certain other heirs initiated a contest to the admission of such will and the hearing was postponed. On September 2, 1969, the district county court appointed Katherine A. Biesmann and Bruce J. Walker as special coadministrators of the estate pending the outcome of the will contest. On December 2, 1969, the district county court admitted the will to probate and appointed the coexecutors named therein.[1] The decision of the district county court, admitting the will to probate, was appealed de novo to the circuit court and the decision of the district county court reversed.[2] Regular letters of administration were granted to Katherine A. Biesmann, as the surviving spouse of the decedent, on June 29, 1971, and she served as the sole administratrix of the estate until the appointment of her son, Arthur E. Crowley, due to her illness and subsequent death.

This appeal is from an order of the district county court allowing Harold J. and Bruce J. Walker $10,556 as compensation for services rendered to the estate by Bruce J. Walker as special coadministrator and coexecutor, and by Harold J. Walker as coexecutor of the estate (it was agreed that the Walkers would agree to a division of the fee between themselves). It appears that

---

1. The will named Katherine A. Biesmann, Harold J. Walker and Bruce J. Walker as coexecutors of the estate.

---

2. The circuit court's memorandum decision reversing the district county court and setting aside the will was entered February 25, 1971; however, judgment thereon was not filed until June 14, 1971. During the intervening period Katherine A. Biesmann settled with the contestants.

Harold J. Walker took little active part in the administration of the estate.

■ The pertinent part of Harold J. Walker's testimony regarding his participation as a coexecutor of the estate is as follows:

"Q As I understand it, with the exception of appearing as a witness on two different occasions, and with the exception of the conference that we had in Hermon's office, you didn't do much of anything as executor of this estate, did you, Harold?

"A I didn't do a whole lot; I thought that he had me as a coexecutor for the past things that I have done for him.

\* \* \* \* \* \*

"Q Your name wasn't on the bank account of the estate?

"A No.

"Q Of course you signed no checks or made any deposits?

"A No.

"Q You never had possession of any of the estate property, did you?

"A No.

"Q And, of course, not ever having had possession of it, you couldn't have accounted for any of it?

"A No."

Upon this record we are of the opinion that the trial court's findings that Harold J. Walker performed substantial services as a coexecutor of the estate are "clearly erroneous" within the purview of SDCL 15-6-52(a).

■ The duties of the special coadministrators, Katherine A. Biesmann and Bruce J. Walker, consisted of assuming control of the assets pending the outcome of the will contest and drafting checks amounting to less than $9,000 in payment of the usual estate claims.[3]  Since these duties involve little time or expertise and would have been handled by the regular administrator or executor, as the case may be, but for the delay in the regular appointment, we are of the opinion that no extra compensation should be allowed for such services performed by the special coadministrators.

■ The reasoning of the court in allowing compensation is set forth in Conclusion of Law No. 5, which states:

"The Court concludes that $10,556 compensation to two out of three executors is in line and consistent with the statutory commission schedule when applied to the personal property in this estate where a full two-thirds commission on the $688,342 of personal property would have been $11,529.03."

This conclusion in our opinion presupposes equal, or near equal, work by the representatives in the administration of this estate, which assumption is not supported by the record. Furthermore, the trial court made extensive findings as to an agreement between the Walkers and Mrs. Biesmann as to the Walkers' compensation for acting as representatives of the estate. However, in the absence of an express provision in the decedent's will, we are of the view the representatives' commission in this case must

---

3.  Harold J. and Bruce J. Walker are longtime bankers in the community. The record reflects that Bruce handled collection items for the estate and made deposits to the estate account. Prior to the death of George A. Biesmann, Bruce J. Walker provided much the same services as an officer of the bank without compensation.

be established in accordance with SDCL 30-25-6 and 30-25-7.[4] Consequently, the court's findings as to an agreement between the Walkers and Mrs. Biesmann as to compensation is immaterial.

The method of compensating executors and administrators is well stated in Banc. Prob. Prac. 2d § 416:

> "In almost all of the western states the compensation of an administrator, and of an executor except where there is a provision for his compensation in the will and he fails to renounce such provision, for ordinary services is fixed by statute according to a sliding scale of decreasing percentages as the value of the estate exceeds certain amounts.  *  *  *  Under most of the statutes the amount of the representative's commissions for ordinary services is merely a matter of computation.  *  *  *  In some states, moreover, it is expressly provided that contracts between an executor or administrator and an heir, devisee or legatee, for a higher compensation than that allowed by law are void."

See In re Balbach's Estate, 1929, 56 S.D. 196, 227 N.W. 886, 66 A.L.R. 508, holding:

---

4.  The South Dakota statutes are:·
    SDCL 30-25-6. "The executor or administrator shall be allowed all necessary expenses in the care, management, and settlement of the estate and for his services such fees as are provided in this chapter, but when the decedent, by his will, makes some other provision for the compensation of his executor, that shall be a full compensation for his services unless by a written instrument filed in the county court, he renounces all claim for compensation provided by the will."
    SDCL 30-25-7. "When no compensation is provided by will or the executor renounces all claim thereto, he must be allowed commissions upon the amount of the personal property accounted for by him, excluding personal property not ranked as assets, as follows:
    (1) On the first one thousand dollars at the rate of five per cent;
    (2) On all sums in excess of one thousand dollars and not exceeding five thousand dollars at the rate of four per cent;
    (3) On all sums in excess of five thousand dollars at the rate of two and one-half per cent.
    Upon all real property accounted for by him, the executor shall receive a just and reasonable compensation for the services performed to be fixed by the court."

"the Legislature intended that the compensation of an executor * * * should be limited to the statutory percentage commission * * *."

When there is more than one representative there is only one commission allowed which is apportioned among them. Banc. Prob. Prac.2d § 430 states:

"One who renders no services whatever * * * is not entitled to share in the commissions * * *."

See also 34 C.J.S. Executors and Administrators § 872, pp. 1034, 1035.

"The general rule is that where an estate is administered by successive personal representatives, the compensation should be apportioned among them according to the services rendered. Where, for example, an executrix dies in office, fees should be apportioned between her successor and her estate in proportion to the services respectively rendered." Banc. Prob. Prac. 2d § 429.

See also 31 Am.Jur.2d, Executors and Administrators, § 496.

To summarize, we hold that the total commissions to be allowed the representatives of the estate in this matter for the *completed* probate shall be determined by the formula established in SDCL 30-25-7; that such commission shall be prorated among the various representatives in accordance with the services rendered by each such representative, that is, among Bruce J. Walker, Harold J. Walker (who is entitled to nominal fees only), Mrs. Biesmann's Estate, and Arthur E. Crowley.

Reversed and remanded with directions to complete the probate of the estate; determine the commission of the representatives of the estate under the statute and apportion such commission among the representatives in a manner consistent with this opinion.

WINANS and DUNN, JJ., concur.

WOLLMAN, J., concurs specially.

BIEGELMEIER, C. J., dissents.

WOLLMAN, Justice (concurring specially).

Although the court's finding on the matter of the agreement between the Walkers and Mrs. Biesmann is not material in the sense that the agreement does not relieve the court of the ultimate responsibility of determining and apportioning the commission, the agreement might be material as some evidence of the extent of the services performed by each of the representatives.

BIEGELMEIER, Chief Justice (dissenting).

My reading of the opinion and an examination of the authorities cited therein compel the conclusion that the general terms deal over-broadly with the question involved in this appeal.

Three executors—the two Walkers and Katherine Biesmann —were appointed in the· will and so by the court. Except for $6,000, Mrs. Biesmann was sole beneficiary under the will. When it was denied probate she made a settlement with other heirs whereby she became owner of all the property.

In addition to the real estate, the cash and personal property of the estate for which the executors were accountable was $688,342. Computed in accord with the statute quoted in the opinion, SDCL 30-25-7, the commission that "must be allowed" comes to $17,293.55. The court allowed the two Walker executors $10,556. Therefore, an executor's fee of $17,293.55, without any further allowance for supervision of the real estate or for Bruce Walker as special administrator, is within the statute. The trial court found that $10,556 was a reasonable fee for the two Walker executors. Two-thirds of $17,293.55 is $11,529, so the allowance of $10,556 is less than the fractional fee of the three executors.

Further than the finding of the reasonableness of that fee or "commission" as the statute calls it, the court found that Mrs. Biesmann entered an agreement with the two Walkers that she would pay them $10,556 as their compensation for services as such personal representatives of the estate. The opinion declares this agreement is "immaterial" and that the compensation "must be established in accordance with" the statute. The broad

meaning of these statements must be that an agreement to accept less than the fee allowed by statute, being immaterial, is invalid and void, and that a personal representative of an estate may thereafter claim a larger fee or commission.

While SDCL 30-25-7 fixes the fee of a personal representative, it does not in anyway prohibit him from agreeing to accept a lesser amount. As to this point, the court in In re Hale's Estate, 231 Iowa 1018, 2 N.W.2d 775, wrote:

"It is well settled that an administrator and the heirs may agree upon the amount of the former's compensation, where the rights of creditors are not involved."

Later, confirming this statement, it said in In Matter of Estate of Rorem, 245 Iowa 1125, 66 N.W.2d 292, 47 A.L.R.2d 1089, that:

"Ordinarily the amount so agreed upon will be allowed."

It may be that an agreement to be paid an amount in excess of the statutory allowance would be "immaterial," but this is not so of an agreement whereby the amount is less than so fixed. This distinction was recognized in Cagle v. Cagle, 60 Ga.App. 769, 5 S.E.2d 100, where the court referred to an earlier opinion which stated that administrator's fees were fixed by law and not "by private contract in which he may overreach the estate. This is true, but it is not said conversely that an administrator may not upon a valid consideration agree to accept less than the amount fixed by law."

That such an agreement is valid is supported by many decisions, among them being: In re Stewart's Estate, 145 Or. 460, 28 P.2d 642; In re Lane's Estate, 199 Iowa 520, 202 N.W. 244; Armstrong v. McFarland's Adm'r, 187 Ky. 185, 218 S.W. 1012; In re Andrus' Will, 4 Misc.2d 831, 158 N.Y.S.2d 536; Estate of Schinasi, 3 N.Y.2d 22, 163 N.Y.S.2d 644, 143 N.E.2d 369; Washington L. & T. Co. v. Convention of P. E. Church, 54 App.D.C. 14, 293 F. 833; Cf. Fogg v. Quackenbush, 27 Colo.App. 480, 150 P. 726.

In re Balbach's Estate, 56 S.D. 196, 227 N.W. 886, does not support the majority opinion as it did not involve an agreement

but only affirmed an allowance made under our statute. The general quotation from Banc.Prob.Prac.2d § 416, that in some states it is expressly provided by statute that such contracts "for a higher compensation than that allowed by law are void" does not apply for two reasons: the compensation here allowed is lower, not higher than the statute allows, and South Dakota has no such statute declaring agreements void.

The trial court by extensive and detailed findings of fact found appellant Mrs. Biesmann made this agreement and that it was for a reasonable amount. There was evidence to support these findings. SDCL 15-6-52(a) (RCP 52(a) provides: "Findings of fact shall not be set aside unless clearly erroneous." See In re Estate of Hobelsberger, 1970, 85 S.D. 282, 181 N.W.2d 455.

In an estate where over $150,000 has been paid in attorneys' fees at appellant's request (not including this controversy), it is difficult to understand why this litigation continues. I would affirm and bring it to an end.